**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**RUDY BRYANT FRANCIS**                                       **CIVIL ACTION**

**VERSUS**                                                    **NO. 07-3772**

**MARCEL JOE NULL, ET AL**                                    **SECTION "S"(5)**

### REPORT AND RECOMMENDATION

In this pro se and in forma pauperis complaint, plaintiff, Rudy Bryant Francis, complains about an incident which occurred while he was incarcerated in the Terrebonne Parish Criminal Justice Complex in October, 2006. Plaintiff was bitten by a spider while sleeping in one of the residential units of the jail.

Initially, one of deputies, Lieutenant Giroir, refused him medical assistance. Plaintiff, however, executed a medical grievance form, requesting to be seen by a doctor. In response to his grievance, plaintiff was seen in the jail's medical unit. Then, because his arm was infected, he was immediately transported to Leonard Chabert Medical Center. Plaintiff responded favorably to the treatment he received at Leonard Chabert Medical Center and, as a result, presently suffers no further consequences due to his spider bite.

An in forma pauperis complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d

318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.  Under the broadest reading of his complaint, plaintiff's allegations lack any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim for which relief can be granted.

Plaintiff has named as his sole defendants Terrebonne Parish Sheriff Jerry J. Larpenter and Terrebonne Parish Criminal Justice Complex Warden Marcel Joe Null.  Plaintiff, in response to the court's inquiry during an April 29, 2008 preliminary conference (rec. doc. 23), informed that he named Sheriff Larpenter and Warden Null as defendants not because they were personally involved in the medical treatment, or lack thereof, he received in connection with his spider bite, but rather, because they were in charge of the jail facility where he incurred the spider bite.

It is well-established that supervisory officials, such as Sheriff Larpenter and Warden Null, cannot be held liable pursuant

to §1983 under any theory of <u>respondeat superior</u> simply because an employee or subordinate allegedly violated plaintiff's constitutional rights.  <u>See</u> <u>Alton v. Texas A&M University</u>, 168 F.3d 196, 200 (5th Cir. 1999); <u>see also</u> <u>Baskin v. Parker</u>, 602 F.2d 1205, 1208 (5th Cir. 1979).  A state actor may be liable under §1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation."  <u>Douthit v. Jones</u>, 641 F.2d 345, 346 (5th Cir. 1981); <u>see also</u> <u>Watson v. Interstate Fire & Casualty Co.</u>, 611 F. 2d 120 (5th Cir. 1980).

By plaintiff's own admission, neither of the named defendants had any involvement with the medical care, or lack thereof, which he received following his spider bite.  Nor does plaintiff contend that the pertinent medical care was in accordance with an unconstitutional policy promulgated by either defendant or was the result of their gross negligence in failing to properly supervise employees working in the jail's medical program.

Additionally, it is well-established that in order to set forth a viable §1983 claim a plaintiff must show that prison personnel were deliberately indifferent to his serious medical needs.  <u>See</u> <u>Hare v. City of Corinth</u>, 74 F.3d 633, 648-49 (5th Cir. 1996); <u>Norton v. Dimazana</u>, 122 F.3d 286, 291 (5th Cir. 1997) (<u>citing</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).  "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the

conscience of mankind." <u>Norton</u>, 122 F.3d at 291.  A prisoner's disagreement with the course of medical treatment he received does not state a claim for indifference to medical needs. <u>Norton</u>, 122 F.3d at 291 (<u>citing</u> <u>Spears v. McCotter</u>, 766 F.2d 179, 181 (5th Cir. 1985)).

As reflected above, plaintiff, upon the execution of a medical grievance form, was seen by prison medical personnel then transported to Leonard Chabert Medical Center where he received, in connection with his spider bite, the medical treatment he required.  Clearly, there was no deliberate indifference to plaintiff's medical needs arising from his spider bite.

Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the instant matter be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>See</u> <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this ___20th___ day of ___June___, 2008.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE